IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| WAYLAND DEE KIRKLAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 23-05045-CV-SW-LMC |
| | ) | |
| STEVEN C. MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On July 7, 2023, Plaintiffs, proceeding *pro se*, filed their Civil Complaint. (Doc. #1.) On August 28, 2023, Plaintiffs filed an Amended Civil Complaint adding one additional party and new claims.[1] (Doc. #3.) Plaintiffs also request that the Court order service of summons on all Defendants via the United States Marshals Service. (Doc. #4.) Plaintiffs have not submitted an Affidavit of Financial Status and therefore this request is denied. After reviewing the Amended Civil Complaint, this Court directs Plaintiffs to provide the Court with information necessary to confirm that this Court may exercise jurisdiction in this matter.

---

[1] On August 30, 2023, Plaintiffs filed a motion requesting leave to file an amended complaint (doc. #5) and noted that the Amended Civil Complaint was to arrive at the Clerk's office on August 28, 2023. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits one amendment to the complaint as a matter of right so long as it is done within the timeframe established by the rule. *Merrill v. Cont. Freighters, Inc.*, 2019 WL 10744870, at *2 (D. Colo. Dec. 19, 2019) (noting that "courts have interpreted Rule 15(a)(1) as providing the outside time limit to amend a pleading as a matter of course from the time of filing, as opposed to containing internal triggers that start a clock on the time to amend."). Plaintiffs have not served Defendants and therefore are free to amend the complaint on their own without court approval. Therefore, this Court will deem the motion moot.

Plaintiffs' Complaint

Plaintiffs fail to assert a basis for jurisdiction in the Amended Civil Complaint but indicate on the Civil Cover Sheet that jurisdiction is based on diversity of citizenship. Plaintiffs state that the matter is

> a civil rights complaint alleging violations of Plaintiffs [sic] civil and constitutional rights by Defendants pursuant to 18 U.S.C. §§ 241, 242, and the 1st, 4th, 6th, and 14th amendments to the United States Constitution. Malicious prosecution and criminal misconduct by defendant lawyers and judges. Discrimination in police actions during course of 4th amendment illegal search. Recent retaliation against Plaintiffs by a close friend of a defendant lawyer and his wife after filing the initial complaint.

(Doc. #3 at 2.) The Amended Civil Complaint (Doc. #3) provides a rambling statement of the claims. The nucleus of this action appears to be a paternity action in Miami County, Kansas,[2] involving Plaintiff Cody Joe Pearson. Plaintiff Wayland Dee Kirkland is Plaintiff Pearson's uncle and was living with Plaintiff Pearson in January of 2020.

According to Plaintiffs, the paternity action was filed at the beginning of January of 2020 by Defendant Chasity Nicole Gochenour, who was being represented by Defendant Steven A. Jensen. Plaintiffs allege that the petition included false information and failed to disclose pertinent information. Plaintiffs also contend that the petition was improper because Defendant Jensen and Defendant Chasity Gochenour's father (Defendant Jimmy Gochenour) are best friends and business partners. Additionally, Plaintiffs argue that Defendant Jensen has been disciplined by the Kansas Supreme Court.

---

[2] The Court notes that Plaintiffs do not indicate was state the paternity action was filed in, but they do provide the Miami County case number. The Court takes judicial notice that there is no Miami County in Missouri, and most of the Defendants' addresses list cities in or near Miami County, Kansas. Therefore, this Court assumes that the paternity action was filed in Miami County, Kansas.

Plaintiffs also contend that at the end of January 2020, Defendant Chasity Gochenour arrived at Plaintiff Pearson's residence for a "child exchange" and a dispute arose between Plaintiff Kirkland, Plaintiff Pearson, and Defendant Chasity Gochenour. Police were called to the residence, questioned Plaintiff Pearson and "kicked the door in and arrested plaintiff Pearson and began searching plaintiff's residence." (Doc. #3 at 3.) At about 10:30 that night, Defendant Judge Steven C. Montgomery, who is also the presiding judge in the paternity action, signed a search warrant for Plaintiff Pearson's residence. Plaintiffs assert that the "search allegedly yielded drugs and boots which were used against plaintiff Pearson in the paternity case, but no charges were ever filed, and no boots discovered." (Doc. #3 at 3.) Defendant Judge Montgomery subsequently ordered no parenting time for Plaintiff Pearson and a drug test for Plaintiff Pearson.

Plaintiff Pearson then retained an attorney, Defendant Craig E. Cole. Plaintiffs allege that Defendant Cole refused to investigate the matter, raise issues requested by Plaintiffs, and acted in a manner that was against Plaintiff Pearson's interests.

Plaintiffs further allege that in June of 2020, they became aware of what they believed to be discrepancies in the docket in the paternity case and requested a copy of the file from the Clerk's office. Plaintiffs allege that the Court Clerk, Defendant Gina Witherspoon, became angry and ordered him out of the courthouse before Plaintiff Pearson could finish copying the file.

Plaintiffs also allege that Defendant Judge Montgomery ordered no parenting time for Plaintiff Pearson and ordered that Plaintiff Kirkland was not to be around the minor children at issue in the paternity case. Plaintiffs assert that Defendants Judge Amy L. Harth and Judge Terry L. Johnson adopted the orders of Defendant Judge Montgomery. Plaintiffs argue that the Defendant Judges lacked authority to issue orders regarding Plaintiff Kirkland as Plaintiff Kirkland was not part of the paternity action.

Finally, Plaintiffs state that Plaintiff Kirkland began seeing Defendant Kathleen Dudney in May of 2023. Early in the relationship, Plaintiff Kirkpatrick asked Defendant Dudney about her relationship with Defendant Cole. Defendant Dudney stated that she knew Cole from high school but had not seen him since high school. At some point, Plaintiff Kirkland informed Defendant Dudney that he was homeless with limited means. Defendant Dudney assisted Plaintiff Kirkland with reviewing the complaint in the instant matter and paid the filing fee. According to Plaintiffs, Defendant Dudney agreed to serve summons on all Defendants except for Defendant Cole. A couple of days later, Defendant Dudney picked Plaintiff Kirkland up from Nevada, Missouri, and brought Plaintiff Kirkland to her home in Garnett, Kansas. While at her residence, Defendant Dudney told Plaintiff Kirkland that Defendant Cole was a friend and Plaintiff Kirkland would have to leave her residence. Defendant Dudney then drove Plaintiff Kirkland back to Nevada, Missouri, and as Plaintiff Kirkland was unloading his things, Defendant Dudney left abruptly and before he was able to unload his clothes and other possessions, including files on the instant matter. All but Plaintiff Kirkland's fishing pole, tackle, and blood pressure monitor were returned to Plaintiff Kirkland. Plaintiff Kirkland later became aware that Defendant Dudney was a lifelong friend and business associate of both Defendant Cole and Defendant Cole's wife.

Plaintiffs' Amended Civil Complaint lists twenty "Questions Presented," which will not be repeated here. Suffice it to say, the questions provide a very general overview of Plaintiffs' allegations that certain conduct violated the Plaintiffs' rights under the Constitution.

Plaintiff requests that this court issue declaratory judgment, monetary damages, and orders vacating the paternity case, and preliminary injunction regarding parenting time and child support until "these matters can be fully adjudicated by this court." (Doc. #3 at 8.)

Discussion

"Federal courts are courts of limited jurisdiction[, and] possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "Generally speaking, a federal court's subject-matter jurisdiction over a case must be based on either federal question jurisdiction [28 U.S.C. § 1331] or diversity jurisdiction [28 U.S.C. § 1332]." *Miller v. Clark*, 2013 WL 12156800, at *1 (W.D. Mo. June 14, 2013). Federal courts have an independent obligation to confirm that jurisdiction is proper. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). When a court determines that it lacks subject matter jurisdiction, the court must dismiss the action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The Plaintiffs, as the proponents of federal jurisdiction, have the duty to demonstrate that federal jurisdiction is appropriate. *Moore v. Kansas City Public Schools*, 828 F.3d 687, 692 (8th Cir. 2016). Claims brought by *pro se* plaintiffs are to be liberally construed. *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 (8th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1). The rule requires more than an "unadorned" complaint, but requires less than "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether a complaint fails to state a claim for relief, courts must "construe the complaint in the light most favorable to the nonmoving party." *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454

(8th Cir. 2010). The non-moving party is entitled to all reasonable inferences. *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Courts must read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

This Court, therefore, must determine whether Plaintiffs' claims fall within this Court's ambit. For the reasons discussed below, the Court is concerned that Plaintiffs' claims do not fall within this Court's jurisdiction. Therefore, the Plaintiffs are directed to show cause why this matter should not be dismissed for the following reasons.

With regard to personal jurisdiction and venue,[3] the majority of the events appear to take place in Kansas and all of the Defendants have Kansas addresses. *See Peter v. Wojcicki*, No. 1:21-CV-225, 2022 WL 2610443, at *3 (D.N.D. Jan. 14, 2022), report and recommendation adopted, No. 1:21-CV-00225, 2022 WL 2610435 (D.N.D. Feb. 18, 2022) (finding that "when an indigent plaintiff does not include any allegations supporting personal jurisdiction, the Court may properly conclude, *sua sponte*, that the action should be summarily dismissed.") "A plaintiff in federal

---

[3] Venue is determined by 28 U.S.C. § 1391(b), which states:

A civil action may be brought in--
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

district court may use the long arm statute of the state in which the court sits to obtain personal jurisdiction over a nonresident defendant." *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia*, transact business, make a contract, commit a tortious act, or own, use, or possess real estate within the state. Mo. Rev. Stat. § 506.500.1." *Witengier v. U.S. Bank N.A.*, No. 4:16-CV-1855 (CEJ), 2017 WL 1426018, at *3 (E.D. Mo. Apr. 21, 2017). Plaintiffs have failed to allege any of the acts stated in Mo. Rev. Stat. § 506.500.1. Therefore, Plaintiffs are ordered to show cause why this matter should not be dismissed for lack of personal jurisdiction over the Defendants and/or for improper venue.

Plaintiffs' claims are brought pursuant to 18 U.S.C. §§ 241 and 242, and involve alleged violations of their rights under the First, Fourth, Sixth, and Fourteenth amendments. (Doc. #3 at 2.) Plaintiffs' reliance on 18 U.S.C. §§ 241 and 242 is misplaced as those statutes do not provide a private right of action. *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Newton v. Compass Health Network*, No. 4:22-CV-239 AGF, 2022 WL 1154522, at *2 (E.D. Mo. Apr. 19, 2022) (collecting cases). However, given the claims and the request for monetary damages, this Court will construe his complaint as arising under 42 U.S.C. § 1983.

Because venue most likely lies in Kansas, our choice of law principles compels the undersigned to apply Kansas law in determining whether the claims are barred by the statute of limitations. *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014) (finding that "when a diversity case is transferred under § 1406(a) because venue in the transferor court was improper, '§ 1406(a) transfer calls for application of the law of the transferee court,' beginning with its choice-of-law rules."); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) (finding that "where the case has been transferred but the transferor court lacked personal

7

jurisdiction over the defendant(s), then the transferee's choice of law rules apply."). Kansas has a two-year statute of limitations on § 1983 claims. *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984) ("Under Kan. Stat. Ann. § 60–513(a)(4) (1976), "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years."). Therefore, Plaintiffs must show cause why claims relating to events prior to July 7, 2021, should not be dismissed as untimely. *See Moon v. Boyd*, No. 1:23-CV-71 CDP, 2023 WL 4706009, at *5 (E.D. Mo. July 24, 2023) (finding that "a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915[ ] when it is apparent the statute of limitations has run."); *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).

The Amended Civil Complaint requests that this Court issue orders regarding parenting time and child support in the paternity case. However, the "domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994); *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). Furthermore, the "*Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995); *Rains v. Rains*, 221 F.3d 1343 (8th Cir. 2000); *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). The claims raised appear to be inextricably intertwined with the state court decision. *See Charchenko*, 47 F.3d at 983 (finding that a "claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."). Therefore, the Plaintiffs are ordered to show cause why the allegations relating to the paternity case should not be dismissed.

Furthermore, judges have absolute immunity "from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983); *Bradley v. Gray*, 78 F.App'x 84, 85 (10th Cir. 2003). Therefore, Plaintiffs must show cause why the claims against Judges Steven C. Montgomery, Amy L. Harth, and Terry I. Johnson, should not be dismissed on the grounds of absolute immunity.

Generally, a § 1983 claim cannot be made against purely private actors as such a claim requires state action. *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005); *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). However, where there is a claim that a private actor conspired with state officials to violate the constitutional rights of another, the private actor may be liable for conspiring to violate another's constitutional rights. *Dossett*, 399 F.3d at 950; *Beedle*, 422 F.3d at 1073. Plaintiffs generally argue that all defendants have entered into a conspiracy against the Plaintiffs' rights. To "prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). "In order to state a conspiracy claim, the plaintiff must at least allege that 'the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding,' and [provide] some facts suggesting such a 'meeting of the minds.'" *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988) (quoting *White v. Walsh*, 649 F.2d 560, 561 (8th Cir.1981)); *Abercrombie v. City of Catoosa, Okl.*, 896 F.2d 1228, 1231 (10th Cir. 1990). Plaintiffs have not provided any facts suggesting that there was a "meeting of the minds" between private actors and state actors. Therefore, Plaintiffs must show cause why the conspiracy claims should not be dismissed.

9

The Court notes the Osawatomie Police Department Chief and unknown officers are being sued in their individual and official capacity.  A suit brought against individual police officers in their official capacity "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996).  Municipal liability extends only if it is determined that the municipality's "official 'policy or custom' must have 'caused' the constitutional violation; there must be an 'affirmative link' or a 'causal connection' between the policy and the particular constitutional violation alleged." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987); *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022).  "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003); *Aryee v. City & Cnty. of Denver*, No. 22-CV-01745-NYW-NRN, 2023 WL 2787987, at *6 (D. Colo. Apr. 5, 2023).  No such facts have been alleged.  Therefore, Plaintiffs must show cause why the claims against the officers acting in their official capacity should not be dismissed.

A supervisor can only be held liable under § 1983 if the supervisor "directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996); *McCarty v. Gilchrist*, 646 F.3d 1281, 1288 (10th Cir. 2011).  Plaintiffs fail to allege that either the police chief participated in the violation or failed to properly supervise and train the officers who allegedly violated their rights.  Therefore, Plaintiffs must show cause why the claims against the Osawatomie Police Chief should not be dismissed.

An access to the courts claim must show that Plaintiffs "suffered an actual injury or prejudice as a result of the alleged denial of access." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th

Cir. 2006); *Ferguson v. New Mexico Corr. Dep't*, 38 F.App'x 561, 563 (10th Cir. 2002). Plaintiffs' complaint fails to show actual injury or prejudice. Therefore, the Plaintiffs are directed to show cause why the claims relating to access to the court should not be dismissed.

Finally, Plaintiff Kirkland is ordered to show cause why his claims relating to the paternity action, including the claim of denial of access to the paternity action, should not be dismissed for lack of standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016) (finding that to have standing to bring a claim, a plaintiff must have a particularized injury, that is the injury "'must affect the plaintiff in a personal and individual way.'")

## Conclusion

As discussed above, the Court has serious concerns as to whether it has jurisdiction over this matter. Therefore, Plaintiff is required to show cause, within twenty-one (21) days of the date of this Order, why this action should not be dismissed for lack of jurisdiction.

It is therefore

ORDERED that Plaintiffs are required to show cause within twenty-one (21) days of the date of this Order, why this action should not be dismissed for lack of jurisdiction. It is further

ORDERED that Plaintiffs' Motion Requesting Leave to File Amended Civil Complaint (doc. #5) is denied as moot. It is further

ORDERED that Plaintiffs' Motion Requesting the Court Order Service of Summons on All Defendants via United States Marshall [sic] Service (doc. #4) is denied.

    */s/ Lajuana M. Counts*
    LAJUANA M. COUNTS
    UNITED STATES MAGISTRATE JUDGE